A. CAPEHART *v.* J. H. ETHERIDGE and W. T. SUTTON.

A purchaser at a sale made by a trustee under a trust to pay debts, who is also a creditor secured in such trust, cannot enjoin the trustee from collecting the purchase money merely because he is a creditor to a much larger amount than he is debtor.  Such an interference might derange or defeat the purposes of the trust.

A trustee will not be permitted, to the injury of a *cestui que trust,* to substitute his own Confederate money, when greatly depreciated, for more valuable trust funds.

INJUNCTION, dissolved by *Watts, J.,* at Fall term 1868, of the Superior Court of NORTHAMPTON.

The bill alleged that the complainant in 1860, was creditor for a large amount, of David Outlaw, of Bertie county, and that Mr. Outlaw, (January 8, 1861,) made a deed conveying to the defendants, a large estate, real and personal, to secure that and his other liabilities; that being interested in having such property bring a good price, the complainant attended the sale by the trustee, and purchased slaves to the amount in value of about $4,000, or one-third of the debt due to him, giving two bonds therefor; that afterwards he removed to Baltimore where he was sued upon the notes, and judgment taken, and an execution levied upon his property; that since then he has returned to North Carolina, and now lives in Northampton county; that the defendant Etheridge, the active trustee, owns the notes in question, having put off upon some of the creditors in the trust, during the war, Confederate money at greatly depreciated rates, so, claiming to have purchased such notes.

There were other allegations which the opinion of the Court renders it unnecessary to state here.

The prayer was for an injunction against the execution in Maryland, &c., and for further relief.

The joint answer of the defendants admitted the allegations in the bill, so far as they are set out above—excepting that it stated that the deed in trust made several classes of creditors, plaintiff being in the last class, and an explanation was given of the manner in which the defendant Etheridge became owner

23

of that one of the notes which he admitted that he claimed, viz: as the result of several disconnected transactions, at the conclusion of which it was transferred to him *bona fide,* &c.

From the order dissolving the injunction, the plaintiff appealed.

*Bragg and Peebles & Peebles,* for the appellant.

*Barnes and W. A. Moore, contra,* cited *McDaniel* v. *Stoker,* 5 Ire. Eq. 274; *Griffin* v. *Carter, Ib.* 413; *Mhoon* v. *Capehart,* Bus. Eq. 30; *Green* v. *Phillips,* 6 Ire. Eq. 223; *Deaver* v. *Eller,* 7 Ire. Eq. 24; *Dyche* v. *Patton,* 8 Ire. Eq. 295; *Parker* v. *Grammer,* Phil. Eq. 28.

DICK, J. On the 8th day of January 1861, David Outlaw executed a deed in trust to the defendants, conveying his estate for the benefit of various creditors. The complainant is a large creditor and *cestui que trust,* placed in the last class in said deed. The defendants sold the estate according to the terms of the trust, and the complainant purchased two negroes at the sale, and gave two bonds, with sureties, for the purchase money. After the close of the war, the complainant removed to the city of Baltimore, where he was sued by the defendants on said bonds, and judgments were obtained, and executions levied upon his property.

The object of this bill is to restrain the defendants from selling complainant's property in Baltimore, until his equities set forth in his bill, are passed upon and adjusted.

It is unnecessary for us to consider in this case, the power of a Court of Equity in this State, to restrain by injunction, parties within its jurisdiction, from proceeding in the Courts of law of another State; for if the proceedings complained of were in our own Courts, we should hold that this injunction ought to be dissolved.

The defendants assumed a trust which they are bound to execute in good faith, and with ordinary diligence, for the benefit of their *cestuis que trust.* In performing this duty, they must collect the assets, and apply them in the manner con-

templated by the grantor. If the complainant by purchasing property at the trust sale, has acquired an equity to apply the purchase money to the satisfaction of his debts in the last class, then the purposes of the trust will be deranged and defeated. No such equity exists. If he had made an express agreement with the trustees to this effect at the time of the sale, then as against them the agreement might be valid. But no such agreement was made, and it is unnecessary to consider the question farther.

It is charged in the bill that the defendant Etheridge has paid in Confederate money, the amount of the notes sued on, and now holds the said executions for his own benefit. It is well settled that a trustee cannot avail himself of his fiduciary character for any object of personal benefit, and such matters may be enquired into in an account of the administration of the trust; Adams, Eq. 59.

But such questions will not be considered at the present stage of proceedings in this case. All the material allegations in the bill are positively and fully denied in the answer; and as this is a common injunction, it must necessarily be dissolved. The rules of equity practice in cases like the present, and the distinctions between common and special injunctions are fully stated and discussed in the cases cited by defendants' counsel.

The complainant can continue his bill as an original, and by making the proper parties may be entitled, upon proofs, to have an account of the administration of the trust funds in the hands of the defendants.

The interlocutory order in the Court below, dissolving the injunction, must be affirmed.

Let this be certified, &c.

PER CURIAM.                          Injunction dissolved.